IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA KAESTLE,<br><br>    Plaintiff,<br><br>v.<br><br>GRANT THORNTON ADVISORS LLC,<br><br>    Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Lisa Kaestle, by and through her attorneys, Caffarelli & Associates Ltd., complains against Defendant Grant Thornton Advisors LLC, as follows:

## NATURE OF ACTION

1. This lawsuit arises from Defendant's violations of the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) ("EPA") in that Defendant paid Plaintiff wages at a rate less than the rate at which Defendant paid employees of the opposite sex for the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

## PARTIES

2. Plaintiff Kaestle is a current employee of Grant Thornton.

3. Plaintiff is an adult resident of Grafton County, New Hampshire.

4. Plaintiff is an "employee" and at all relevant times has been an "employee" of Defendant within the definition of the EPA, 29 U.S.C. § 203(e)(1).

5. Defendant Grant Thornton Advisors LLC ("Grant Thornton") is an Illinois limited liability company with its principal office located in Chicago, Illinois.

6. At all relevant times, Defendant has been an "employer" of Plaintiff as defined by the EPA, 29 U.S.C. § 203(d).

7. Defendant is an enterprise as defined in 29 U.S.C. § 203(r)(1).

8. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, as well as under Section 16(b) of the FLSA, as amended 29 U.S.C. § 216(b), and as incorporated into the EPA.

10. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A) because it is subject to a court of general jurisdiction in Illinois as a result of being a domestic Illinois company, transacts business in, and has significant contacts within this District.

11. At all relevant times, Defendant conducted business within this District. Accordingly, venue in this District is proper. 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

12. Plaintiff began working for Defendant on or about October 15, 2017.

13. On or about August 1, 2023, Defendant promoted Ms. Kaestle to the position of Managing Director within the National Advisory Services, CFO Advisory Department.

14. In this role, Ms. Kaestle oversees the East coast (Atlantic) region.

15. Within the past three years, Defendant has employed a total of 6 individuals – including Plaintiff – in a Managing Director role within the National Accounting Advisory Services, CFO Advisory Department in North America ("AAS Managing Directors").

16. Defendant assigns AAS Managing Directors to oversee specific geographic regions within North America.

17. The AAS Managing Directors share a common core of duties that does not vary based on the geographic territory.

18. Within the past three years, Plaintiff is the only female to have held the AAS Managing Director role. All other employees in the AAS Managing Director position have been males.

19. Upon information and belief, all employees in AAS Managing Director Roles perform the same core tasks, including: identifying and creating recurring revenue streams from advisory engagements; developing new business relationships internally and externally; delivering transaction-oriented accounting and reporting services for mergers and acquisitions, carve-outs, and complex capital raising and financial structure; providing mentorship to team members; providing deep technical experience for various accounting topics.

20. Defendant compensates Plaintiff and all other employees in the AAS Managing Director role with salaries and bonuses.

21. Defendant has paid the five male employees employed in the AAS Managing Director position significantly higher compensation than Plaintiff.

22. Based on an average, and upon information and belief, Defendant paid the male employees employed in the AAS Managing Director an approximately $88,000 more than Plaintiff in annual salary.

23. The rate of annual salary for Plaintiff and all employees the AAS Managing Director impacts the amount Defendant pays them in bonus compensation. Based on an average, and upon information and belief, Defendant paid Plaintiff approximately $17,000 less in bonus compensation than the males employed in the AAS Managing Director role.

24. Beginning in September 2024 and over a period of several months, Plaintiff repeatedly voiced her concerns about the pay disparity between herself and her male counterparts.

25. In or about November 2024, Defendant increased Plaintiff's annual salary rate retroactive to August 1, 2024.

26. However, the increase still did not bring Plaintiff within a comparable rate of pay as her male counterparts.

27. Based upon an average, and upon information and belief, Defendant continued and continues to pay Plaintiff an approximate $40,000 less in annual salary than the males employed in the AAS Managing Director position.

28. In light of the fact that Plaintiff notified Defendant of the pay disparity and they failed or refused to remedy it, the violations described herein are willful.

29. As alleged herein, Defendant's practice of paying Plaintiff less than her similarly situated male counterparts violates the EPA.

## COUNT I – EQUAL PAY ACT: PAY DISCRIMINATION

30. Plaintiff restates and incorporate the preceding paragraphs as though fully set forth herein.

31. The EPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1).

32. "Employee" under the EPA is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

33. "Employer" under the EPA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

34. As defined under the EPA, Plaintiff was an employee of Defendant at all times relevant to this Complaint.

35. As defined under the EPA, Defendant was Plaintiff's employer at all times relevant to this Complaint.

36. Throughout the statutory period, all individuals Defendant employed in the AAS Managing Director performed the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

37. At all times relevant to this Complaint, Defendant set the pay rates of Plaintiff and all other employees who have held the AAS Managing Director role.

38. Upon information and belief, throughout the statutory period, Defendant paid and, as of the date of this Complaint, continues to pay Plaintiff less than they pay her male colleagues who have been employed in the same AAS Managing Director position.

39. Defendant's practice of paying Plaintiff less than men for the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions, as described herein, violated the EPA.

WHEREFORE, Plaintiff Lisa Kaestle, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and grant her the following relief:

a) Awarding the entire amount of the disparity in pay between Plaintiff and her similarly-situated male counterparts;

b) Awarding liquidated damages pursuant to 29 U.S.C. § 216(b);

c) Enjoining the Defendant from violating the EPA in the future;

d) Awarding pre- and post-judgment interest, to the extent allowable;

e) Awarding reasonable litigation expenses and attorneys' fees and costs; and

f) Any further relief that is deemed just and equitable.

Dated: February 7, 2025                    Respectfully submitted,

Alexis D. Martin (#6309619)                LISA KAESTLE,
Amanda Burns (#6332506)
Caffarelli & Associates Ltd.
8 S. Michigan Ave., Ste. 1200              By: /s/ Alexis D. Martin
Chicago, Illinois 60603                        One of Plaintiff's Attorneys
Tel. (312) 763-6880
*amartin@caffarelli.com*
*aburns@caffarelli.com*